IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN C. SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| DHILLION BROS. TRUCKING, INC. | ) |
| Served at:    3637 Snyder Street | ) |
|                    Selma, CA 93662 | ) |
| And | ) |
| | ) |
| SULEIMAN M. SAMATAR, | ) |
| Served at:    728 S. Park Ayde Street | ) |
|                    Orange, CA 92868 | ) |

## JURISDICTION

Jurisdiction lies pursuant to 28 U.S.C. 1332 – Diversity of Citizenship.

## COMPLAINT

### COUNT I – Negligence v. Suleiman M. Samatar

COMES NOW Plaintiff, Steven C. Simmons, by and through his attorney, Alexander A. Wolff, and for Count I of his Complaint against Defendant Suleiman M. Samatar, states:

1. That on or about September 12, 2013, Plaintiff Steven C. Simmons ("Plaintiff") was a resident of Fort Smith, Sebastian County, Arkansas.

2. That on or about September 12, 2013, Defendant Suleiman M. Samatar ("Defendant Samatar") was a resident of Orange, Orange County, California.

3. That on or about September 12, 2013, Defendant Dhillion Bros. Trucking, Inc. ("Defendant Dhillion") was a California Corporation, and the owner of a tractor trailer, VIN #1FUPCSZB1YLA95406, located in Fresno County, California.

4. That on September 12, 2013, Defendant Samatar, within the course and scope of his employment with Defendant Dhillion was operating said tractor trailer on Interstate I-70 westbound near East 1000th Avenue in Effingham County, Illinois, when he stopped his vehicle in a lane of traffic meant for moving traffic, causing Plaintiff to crash into the back of Defendant Samatar's tractor trailer.

5. That Defendant Samatar was guilty of the following negligent acts or omissions:

   a. Negligently and carelessly impeded or blocked the normal and reasonable movement of traffic;

   b. Negligently and carelessly stopping a tractor trailer in a lane meant for moving traffic when it was not safe to do so;

   c. Negligently and carelessly stopped a tractor trailer without illuminating brake or other indicating lights to signal that his vehicle was not moving.

6. That as a direct and proximate result of the acts or omissions in Paragraph 5, Plaintiff crashed into the rear of Defendant Samatar's tractor trailer, causing Plaintiff to sustain serious, permanent, and painful injuries to his knee, back, neck, head, and hands.

7. That as a direct and proximate result of the acts or omissions by Defendant Samatar, Plaintiff incurred medical expenses of around $47,300 with several bills that have yet to be collected.

WHEREFORE, Plaintiff demands judgment against Defendant Samatar in the amount greater than Seventy-Five Thousand Dollars ($75,000) plus his costs incurred herein and for such other Orders as deemed just and proper.

### COUNT II - Negligence v. Dhillion Bros. Trucking, Inc.

COMES NOW Plaintiff, by and through his attorney Alexander A. Wolff, and for Count II of his Complaint against Defendant Dhillion Bros. Trucking, Inc. states as follows:

8. Plaintiff hereby incorporates paragraphs 1 through 7 as if fully stated herein.

9. That on or about September 12, 2013, Defendant Dhillion was a California corporation, and the owner of a tractor trailer VIN #1FUPCSZB1YLA95406, and employer of Defendant Samatar.

10. That the Defendant was, by and through its agents, servants, and employees jointly and severally responsible for the following acts or omissions:

   a. Negligently and carelessly impeded or blocked the normal and reasonable movement of traffic;

   b. Negligently and carelessly stopping a tractor trailer in a lane meant for moving traffic when it was not safe to do so;

   c. Negligently and carelessly stopped a tractor trailer without illuminating brake or other indicating lights to signal that his vehicle was not moving.

   d. Negligently and carelessly failing to properly train a driver on how to safely mark and/or illuminate his vehicle when stopping in a lane meant for moving traffic;

   e. Negligently and carelessly failing to properly train a driver to never stop a vehicle in the middle of the highway.

11. That as a direct and proximate result of the acts or omissions in Paragraph 5, Plaintiff crashed into the rear of Defendant Dhillion's tractor trailer, causing Plaintiff to sustain serious, permanent, and painful injuries to his knee, back, neck, head, and hands.

12. That as a direct and proximate result of the acts or omissions by Defendant Dhillion, Plaintiff incurred medical expenses of around $47,300 with several bills that have yet to be collected.

WHEREFORE, Plaintiff demands judgment against Defendant Dhillion in the amount greater than Seventy-Five Thousand Dollars ($75,000) plus his costs incurred herein, and for such other Orders as deemed just and proper.

### COUNT III – Punitive Damages (Both Defendants)

COMES NOW, Plaintiff, by and through his attorney Alexander A. Wolff, and for Count III of his Complaint against Defendants Samatar and Dhillion, states as follows:

13. Plaintiff hereby incorporates paragraphs 1-12 as if fully set forth herein.

14. That Defendants jointly and severally performed the following willful and wanton acts and omissions:

   a. Stopped a tractor trailer on the highway in a lane meant for travel;

   b. Failed to illuminate or otherwise signal to other vehicles that the tractor trailer was stopped on the highway in a lane meant for travel.

15. As a direct or proximate result of Defendants joint and several willful and wanton conduct, Plaintiff did thereby suffer injuries mentioned in previous counts and as such, punitive damages should be awarded.

WHEREFORE, Plaintiff prays for punitive damages against Defendant Samatar and Defendant Dhillion in an amount exceeding Seventy-Five Thousand Dollars ($75,000) for costs incurred herein and for such other Orders as deemed just and proper.

ALVIN WOLFF JR. & ASSOCIATES


BY:   */s/ Alexander A. Wolff*
      Alexander A. Wolff, #
      alex@wallachwolff.com
      1034 S. Brentwood Blvd, Suite 1900
      St. Louis, MO  63117
      (314) 241-2500
      (314) 241-2215 (facsimile)
      ***ATTORNEY FOR PLAINTIFF***